UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-80164-CR-LEIBOWITZ

UNITED STATES OF AMERICA,
        *Plaintiff,*

vs.

GREGORY ALLEN MOORE,
        *Defendant.*
_____/

## DEFENDANT'S SENTENCING MEMORANDUM IN SUPPOT OF MOTION FOR DOWNWARD VARIANCE FROM THE UNITED STATES SENTENCING GUIDELINES AND RECOMMENDED SENTENCE

By and though the Defendant's attorneys, Robert David Malove and Charles L. Fountain II, submit the following sentencing memorandum for this Court's consideration prior to the imposition of sentence herein. Defendant confirms that he received the Final Presentence Investigative Report ("PSR") prepared by U.S. Probation Officer Jamie Johnson on or about June 13, 2025, and understands that this Court will consider said report during sentencing. However, because the PSR includes an advisory guideline sentencing range together with a recommended sentence, Defendant submits this sentencing memorandum to assist the Court in determining the most appropriate sentence herein.

### Introduction

Defendant was originally named in a two-count Indictment wherein he was charged possession of child pornography, in violation of Title 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and a forfeiture count pursuant 21 U.S.C. § 853 where the Government advised they are seeking forfeiture of the electronic devices seized in this case. After the parties spoke about the case and the Defendant agreed to waive a formal indictment, he was named in a two-count Superseding

1

Information wherein he was charged with distribution of child sexual abuse material, in violation of Title 18 U.S.C. § 2252A(a)(5)(B), and the forfeiture count mentioned above.  On February 25, 2025, the Defendant entered a plea of guilty to both counts in the Superseding Information.

### Title 18 U.S.C. § 3553(a) Analysis

A PSR was ordered, prepared, filed for record herein.  The United States Sentencing Commission (the "Commission") sets forth the following seven factors, all of which the court must consider prior to the imposition of a criminal sentence:

(1)  the nature and circumstances of the offense and the history and characteristics of the Defendant;

(2)  the need for the sentence imposed to reflect the four primary purposes of sentencing, i.e. retribution, deterrence, incapacitation, and rehabilitation;

(3)  the kinds of sentences available (e.g. whether probation is prohibited or whether a mandatory minimum term of imprisonment is required by statute);

(4)  the sentencing range established through the application of the sentencing guidelines and the types of sentences available under the guidelines;

(5)  any pertinent policy statement promulgated by the Commission;

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)  the need to provide restitution to any victims of the offense.

U.S. FED. SENT. COMM'N, FED. SENTENCING: THE BASICS, at 2, 12 (Aug. 2015) (citing 18 U.S.C. § 3553(a)).  Analysis of these seven factors supports the sentence requested by the Defendant herein.

### Title 18 U.S.C. § 3553(a) Argument

The Defendant is a thirty-six (36) year old male without any criminal history.  He was born in Nassau, Bahamas to parents that have been married his entire life.  His father is eighty-two (82) year sold and mother is seventy-eight (78) years old.  The Defendant's father worked as

an analyst for a private firm that had contracts with the U.S. Navy. The naval base is located on Andres Island in the Bahamas. Brian Moore, the Defendant's brother, also currently works as a private contractor on the same U.S. Naval base as their father. His paternal half-sister, Tyra Wynn, resides in Pennsylvania. Both Defendant's siblings have children between the ages of fifteen (15) and twenty-seven (27). The Defendant maintains a close relationship with his immediate family and that they are supportive.

The Defendant's parents are elderly. His father has major health issues. The Defendant has a close relationship with both parents. Due to his parent's age and the five (5) year minimum mandatory associated with Title 18 U.S.C. § 2252A(a)(5)(B); it is likely that Defendant will be unable to spend time with his parents outside of prison prior to their deaths. Any time of incarceration imposed beyond the mandatory minimum will increase the chances of the Defendant not being with his parents prior to their deaths.

The Defendant has resided in the Southern District of Florida with his parents and other family members at the same address since 2003. At the time of his arrest, the Defendant was residing with his mother, father, niece, Rashae Moore, and her two-year old daughter. Ms. Moore is the child of his brother, Brian Moore.

The charges that the Defendant has plead guilty to are very serious. The PSR indicates that his attraction to images of underage girls might have originated from watching an adult streaming channel. None of the videos and/or images found involved infants, toddlers, sadistic or masochistic conduct or other depictions of violence. Pursuant to § 2G2.2 comment [n.6(B)], Officer Johnson was able to assign a 75 to 1 ratio for each video. This ratio has been highly litigated because and has caused some courts to question its applicability and/or fairness. *See United States v Blanc*, 2025 U.S. App. 7063 (11th Circuit 2025).

The ability to view pornography of any kind is now very easy. The Defendant is introverted and has some level of computer literacy. Continued treatment is necessary for the Defendant during his time of incarceration and after his release. The Defendant is wants to continue the weekly sex offender treatment ordered as part of his bond conditions and participate in any other form of treatment to determine the reason for his behavior and to prevent any reoccurrences in the future.

The Defendant does not have a history of substance abuse. He passed a urinalysis and reported to never have used illegal narcotics. Furthermore, the Defendant has no diagnosed history of mental illness. The Defendant's family believe him to be stable and the U.S. Probation Officer indicated the same.

The Court must determine if the Defendant will reoffend or act upon his impulses regarding underage women. The Defendant's has not been accused of any crimes involving underage children besides this case. Furthermore, the Defendant's family have not made any accusations about the Defendant being inappropriate around any of children including the two (2) year old child that was residing with him at the time of his arrest. He has not violated any conditions of pre-trial release and his niece, Rashae Moore, did not have a problem with the Defendant living with her and her two-year old child upon his release from custody.

The Defendant will be ordered to pay restitution as part of his sentence. The Defendant has saved a small amount of money over the years, and he will need to use some of that money to pay his own expenses. The Probation Officer determined that the Defendant does not have the ability to pay a fine when payment of restitution and/or special assessments are considered based on his limited financial resources. Any additional time imposed beyond the mandatory minimum will decrease his chances of making restitution payments.

The Defendant will be placed on supervised release for five (5) years after his release from custody. Also, he will have to register as sexual offender. The Defendant will continue to be monitored for his entire life after his release from custody. His compliance with stricter than normal bond conditions should make all parties aware that the Defendant will perform well on supervised release.

In paragraph ninety-three (93) of the PSR, Officer Johnson compares other people that are similarly situated to the Defendant. Ninety-five percent (95%) of those people have been sentenced to an average length of fifty-four (54) months with the median range being sixty (60) months.

## Conclusion

Officer Johnson determined that the guidelines range is between sixty-three (63) and seventy-eight (78) months in Federal Prison. No one has objected to the PSR. After considering the offense conduct, the facts about the Defendant's life, and average sentences for other people that are similarly situated, the Defendant is asking this Court to grant a variance, pursuant to section 3553(a), and impose a period of sixty (60) months of incarceration, followed by five (5) years of supervised release, sexual offender registration, sex offender treatment, mental health treatment, restitution, and any other conditions the Court deems appropriate.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that this document was filed electronically with this Court's

CM/ECF filing system on June 20, 2025, and effectively served on all parties.

Respectfully submitted,

The Law Offices of
ROBERT DAVID MALOVE, P.A.
319 Clematis Street, Suite 1002
West Palm Beach, FL 33401
Telephone: (954) 861-0384
Email: e-filing@robertmalovelaw.com
By: */s/ Robert David Malove*
Robert David Malove, Esq.
Florida Bar No.: 407283
By: */s/ Charles L. Fountain II*
Charles L. Fountain II, Esq.
Florida Bar N.: 0043903