UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80164-CR-LEIBOWITZ

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| GREGORY ALLEN MOORE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR VARIANCE**

Comes now the United States, by and through the undersigned Assistant United States Attorney, and hereby responds in opposition to Defendant's Motion for Variance (DE 38). The defendant requests that the Court vary downward[1] and impose a total sentence of 60 months.

For the reasons that follow, the United States submits that a variance is not warranted. The United States respectfully requests a sentence of 97 months at the bottom of the defendant's guidelines range.

**I.   BACKGROUND**

The facts of this matter are set forth in the factual proffer (DE 28) and in greater detail in the Offense Conduct section of the Presentence Investigation Report (hereinafter "PSI"). During the execution of a search warrant at the defendant's residence, agents of the Federal Bureau of Investigation ("FBI") located multiple devices, all of which were attributable to the defendant. One such device had a one terabyte capacity, and the majority of files stored on the devices were

---

[1] At the time the defendant filed his motion, the Presentence Investigation Report had calculated a guidelines range of 63 to 78 months. (DE 35.) The U.S. Probation Office has since issued a revised Presentence Investigation Report (DE 44) due to the misapplication of the base offense level. The revised guidelines range is 97 to 121 months. (PSI, DE 44 ¶ 77.)

1

child pornography. Law enforcement also recovered evidence that the defendant had uploaded child pornography that was then distributed to unknown users. In total, the defendant is responsible for 20,693 images and 11,306 videos containing child sexual abuse material ("CSAM"), which for purposes of of the guidelines is equivalent to 868,643 images of CSAM. (PSI ¶ 20.)

II.   **ARGUMENT**

    A.   **A guidelines sentence is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the crime committed.**

The nature and circumstances of this offense are serious and required a degree of sophistication and deliberation beyond "some level of computer literacy." (DE 38 at 4.) In the typical distribution process, a subject processes CSAM that he then transmits to another user via a particular channel (e.g., text, email, or other application). Here, the defendant password-encrypted the CSAM. He then acquired access to and learned how to use an automated tool to send encrypted CSAM simultaneously to multiple image-hosting sites. He then distributed the CSAM from the hosted sites, which necessitated a joint or separate communication including the password for the encryption. (*See* PSI ¶¶ 17-19.) The sentence imposed should reflect the deliberate, calculated steps the defendant carried out to distribute his enormous trove of CSAM to an unknown amount of users.

The sentence should also reflect the volume of the CSAM: 20,693 images and 11,306 videos, equivalent to a total of 868,643 images of CSAM. The Court has received the victim impact statements (under seal) in this matter, which reveal how the distribution of this material perpetuates the trauma they have suffered.

A guidelines sentence is therefore necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the crime committed. It also serves

as general deterrence to others who would commit these crimes and specific deterrence to prevent the defendant from committing these crimes again.

      **B.**    **None of the circumstances cited by the defendant removes him from the heartland of cases.**

The defendant raises his parents' age and health issues, his need for continued treatment, his lack of substance abuse history, and the need to pay restitution as factors warranting a variance. But none of these circumstances removes him from the heartland of cases, and a guidelines sentence is warranted to account for his deliberate actions, as described above. Moreover, the defendant possessed an enormous amount of CSAM, far more than the typical defendant. Given the amount of CSAM for which he is held responsible, any downward variance would indeed create sentencing disparities from other similarly situated defendants.

**III.**    **CONCLUSION**

For the foregoing reasons, the United States submits that a variance is not warranted. Rather, the nature and circumstances of the offense and the defendant's square placement in the heartland of cases warrant a guidelines sentence. The United States respectfully requests that the

Court sentence the defendant to a term of imprisonment of 97 months, at the low end of his guidelines range of 97 to 121 months.

                Respectfully submitted,

                HAYDEN P. O'BYRNE
                UNITED STATES ATTORNEY

By:   /s/ Alexandra Chase
       ALEXANDRA CHASE
       ASSISTANT UNITED STATES ATTORNEY
       District Court No. A5501746
       500 South Australian Avenue, Suite 400
       West Palm Beach, Florida 33401
       Tel: (561) 209-1011
       Fax: (561) 659-4526
       alexandra.chase@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 7, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                /s/ Alexandra Chase
                ALEXANDRA CHASE
                Assistant United States Attorney